WILLIAM F. GERMAIN *vs.* TOWN OF BERLIN.

Worcester. January 16, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Contract*, Construction, Building contract.

The specifications of a building contract between a town and a contractor provided that the town should pay the contractor $17,255; that it should do the heating and ventilating under a separate contract; that the contractor should "allow" $1,050 in his contract for heating and ventilating; and that, before signing the contract, the

contractor should furnish to the architect a detailed schedule of prices on which his bid was based, the prices to be the basis of all payments for work done by him under the contract. The schedule furnished by the contractor, which did not come to the notice of the town's representatives until after the work had begun, did not include the item of $1,050, although the total of the items was $17,255. The contractor completed all the work, except the heating and ventilating, for which the town made a separate contract for $725. The town paid the contractor all of the contract price except $1,050, which the contractor sought to recover in an action. *Held,* that

(1) The provision as to the "allowance" was inserted in the contract so that the plaintiff should allow $1,050 to be deducted from the contract price, because the heating and ventilating work was not to be done by him but was to be done by the defendant: the provision would have no meaning if the plaintiff could recover the full contract price without any deduction or allowance;

(2) The provision as to the furnishing by the plaintiff of a schedule of prices as the basis of payments did not overcome the provision as to the "allowance," nor deprive the defendant of its right thereto;

(3) The plaintiff was not entitled to the $1,050.

CONTRACT. Writ in the Central District Court of Worcester dated December 1, 1928.

Material evidence at the trial in the District Court is stated in the opinion. The trial judge found for the plaintiff in the sum of $171.15. Upon a report to the Appellate Division for the Western District, judgment for the plaintiff was ordered in the sum of $1,213. The defendant appealed.

*E. G. Norman,* for the defendant.

*F. W. Morrison,* for the plaintiff.

CARROLL, J. The plaintiff seeks to recover the balance due on a building contract, and in addition the sum of $163 for changes in the composition of mortar used. The plaintiff and defendant made a written contract for the construction of a library building for the sum of $17,255. The plaintiff has completed the contract. The matter in dispute is the sum of $1,050, that being the price of the heating and pipe installation, which work was done by the defendant. The specifications were made a part of the contract. They provide, "The Heating and ventilation will be done under separate contract by the Town, but the General Contractor must assist the Sub contractor by

doing all cutting, carpenter and mason work required for same. No metal book stacks included in contract or Librarian's desk." Another paragraph in the specifications is in these words: " The contractor will allow the sum of $1,050.00 in his contract for heater and for all registers and pipes installed complete ready for service. The General Contractor will do all carpenter work, cutting and finished work as required for the heating installation complete." The defendant made a separate contract for this work for which was paid the sum of $725. " The plaintiff did not allow in his contract the sum of $1,050 for heater, registers and pipes installed " and the defendant " now insist[s] that the plaintiff for that reason deduct $1,050 as a payment on account of his contract." The specifications also contain this provision: " The contractor will furnish to the architect a detailed schedule of the prices on which his proposal for the building contract is based, before signing the contract, and this schedule of prices shall be the basis for all payments on account of any work done on the building, and for all additional work that may be ordered to be done." The change in the mortar was made with the approval of the architect and building committee. It entailed an extra cost of $163. The schedule supplied by the plaintiff did not include the item of $1,050 referred to, although the items included a total of $17,255.

The trial judge found for the plaintiff in the sum of $171.15, made up of the item for the mortar furnished, with interest. He found that the defendant was entitled to an allowance of $1,050 for the heating system, and found for the defendant on this item. In the Appellate Division judgment was ordered for the plaintiff in the sum of $1,213 damages and interest. The defendant appealed.

It appeared from the findings of the judge that the building committee of the town obtained its knowledge of the detailed schedule about one month after the work had begun, at the time the first payment was due; that the question of deducting the sum of $1,050 first arose at the time the last payment was made.

The question in the case is the meaning of the contract. Is an allowance of $1,050 to be made by the plaintiff for the heating work? As we interpret the contract, it means that, while the plaintiff was not himself to supply the material and furnish the labor for the installation of the heating plant, it was an essential part of the building, that the building would not be complete unless this work were done, and for its installation by the town the plaintiff was to make an allowance. The sum agreed upon was $1,050. The town could not call upon the plaintiff for a larger allowance if the cost exceeded the sum, nor could the plaintiff complain if the actual expenditure was less than $1,050. This provision was inserted in the contract so that the plaintiff might allow this sum to be deducted from the contract price, because the work was not to be done by him but was to be done by the defendant. The provision for the allowance would have no meaning if the plaintiff can recover the full contract price without any deduction or allowance. See *Wheaton Building & Lumber Co.* v. *Boston,* 204 Mass. 218, 224, 225.

The provision in the contract that the plaintiff will furnish the architect with a detailed schedule of prices, the schedule to be the basis for all payments, coupled with the fact that the schedule was duly furnished by the contractor, and that it did not include the item of $1,050 is not in our opinion sufficient to show that the sum of $1,050 should not be deducted from the contract. Whatever may have been the reason for the insertion of the requirement that a schedule of prices should be furnished, the schedule to be the basis for payments, it is not enough to overcome the terms of the contract providing that the allowance is to be made. If the plaintiff made an error in calculating the cost, the defendant could still insist upon compliance with the contract and the allowance of $1,050.

As we interpret the record, although the schedule was duly furnished by the contractor, the building committee of the town had no knowledge of its existence until after the work had begun and the first payment was due and payable. The fact that the schedule was to be the basis

of payment for work done is not the controlling factor and is not enough to show that no allowance should be made.

The defendant has paid the plaintiff all that was due with the exception of the amount due for the mortar. There was no error by the trial judge in refusing the plaintiff's requests for rulings.

The order of the Appellate Division directing that judgment should be entered for the plaintiff in the sum of $1,213 and interest is reversed, and the finding of the trial judge that judgment should be entered for the plaintiff in the sum of $163 is affirmed and judgment is to be entered for that amount with interest from the date of the writ.

*So ordered.*